**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

GENE LEMAY BARRIS,                         )
                                               )
              Petitioner,             )
                                                 )
          v.                           )          No. 1:16-CV-207 JAR
                                                   )
UNITED STATES OF AMERICA,        )
                                                 )
           Respondent,         )

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Gene Lemay Barris's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 10), and the Federal Public Defender's motion to withdraw as Petitioner's counsel (Doc. 11). For the following reasons, the Court will grant the motions.

On September 15, 2014, Petitioner pled guilty to one count each of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Crim. Docs. 36-37 in <u>United States v. Barris</u>, No. 1:14-cr-2-JAR-1 (E.D. Mo.)). The presentence investigation report revealed that Petitioner had several prior felony convictions, and recommended that the Court impose an enhanced sentence on the felon-in-possession count pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA"), as well as the U.S. Sentencing Guidelines' career-offender provision, U.S.S.G. § 4B1.2(a) (Crim. Doc. 40).

On December 15, 2014, the Court sentenced Petitioner to two concurrent 216-month terms of imprisonment, followed by two concurrent five-year terms of supervised release (Crim. Docs. 53-54). Notably, without objection, the Court enhanced Petitioner's sentence on the felon-

in-possession count under the ACCA, and applied the career-offender Guideline provision in calculating Petitioner's advisory Guidelines range.

On August 2, 2016, Petitioner initiated this proceeding by filing a motion to vacate, set aside, or correct his sentence, under 28 U.S.C. § 2255 (Doc. 1). In his motion, as amended, he argues that his sentence should not have been enhanced under the ACCA, as he did not have three or more previous qualifying convictions, and that the career-offender Guidelines provision also should not have been applied (Doc. 10). The Federal Public Defender has also moved to withdraw as counsel for Petitioner, citing a conflict of interest (Doc. 11). Respondent agrees that Petitioner should be resentenced without application of the ACCA or the career-offender Guideline provision. Moreover, Respondent has agreed to waive the statute of limitations set forth in 28 U.S.C. § 2255(f) (Doc. 13).

The sentence for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) is generally no more than ten years in prison. 18 U.S.C. § 924(a)(2). If, however, the defendant has three prior convictions for either a "violent felony" or a "serious drug offense," or both, the ACCA increases the statutory range of punishment in felon-in-possession cases to a mandatory minimum of fifteen years, and maximum of life, in prison. 18 U.S.C. § 924(e).

Here, the parties agree that Petitioner did not have at least three prior convictions for a "violent felony" or a "serious drug offense," as those terms are defined in the ACCA. The Court has carefully reviewed the record, and agrees that Petitioner did not have three or more ACCA predicate offenses at the time he committed the instant offenses. The Court therefore concludes that Petitioner's sentence on his felon-in-possession count is unconstitutional because it exceeds that statutorily authorized sentence for his offense of conviction. Sun Bear v. United States, 644

F.3d 700, 705 (8th Cir. 2011) (en banc) (sentence imposed in excess of statutory authority is illegal).

Accordingly,

**IT IS HEREBY ORDERED** that the Petitioner's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 10) is **GRANTED**. A new sentencing hearing will be scheduled forthwith.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to docket a copy of this Memorandum and Order in Petitioner's criminal case, <u>United States v. Barris</u>, No. 1:14-cr-00002-JAR-1 (E.D. Mo.).

**IT IS FURTHER ORDERED** that the Federal Public Defender's motion for leave to withdraw (Doc. 11) is **GRANTED**.

**IT IS FINALLY ORDERED** that, pursuant to 18 U.S.C. § 3143(a)(1), **<u>Petitioner shall remain in the custody of the Federal Bureau of Prisons pending resentencing</u>**. A separate order setting a new sentencing hearing and appointing new defense counsel will be entered in Petitioner's criminal case.

Dated this 10th day of January, 2017.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE